## SHROPSHIRE v. WOLTERS.

### No. 10363.

Court of Civil Appeals of Texas. Galveston.
April 1, 1937.

Rehearing Denied May 27, 1937.

Henry S. Paulus, of Yoakum, for plaintiff in error.

Marcus Schwartz, of Hallettsville, for defendant in error.

GRAVES, Justice.

This appeal is from a judgment of the district court of Lavaca county of October 25 of 1934 for $7,277.45 in favor of defendant in error against plaintiff in error, decreed to be the balance then due upon three $4,000 notes given the former by the latter in 1924, together with the foreclosure of a deed of trust lien likewise executed between the parties in 1924 as security for the three notes, it being specially recited that the $7,277.45 awarded is to be paid only out of the proceeds of the sale of the property against which such lien is so foreclosed, which property is thus described in the decree:

"A rectangular tract of land twenty-three (23) feet by one hundred (100) feet off the west ends of lots Nos. eleven (11) and twelve (12) in block ten (10) of the original townsite of Yoakum, DeWitt county, Texas, the same facing on the alley running down the middle of said block and fronting twenty-three (23) feet on Lott street."

Other recitations in the decree are to the effect: (1) That on defendant in error's application to it for that purpose in that cause, the United States District Court for the Southern District of Texas, at Victoria, in 1933, had duly allowed and established such three notes in his favor as a valid claim against the plaintiff in error in cause No. 296 upon its docket, styled "In the Matter of Walter Shropshire, Bankrupt, in Bankruptcy"; (2) that to secure the prompt payment of $7,277.45 indebtedness so found to be then due, the defendant in error still held as yet valid and subsisting the same deed of trust on this land as it existed on the 16th day of September of 1924—when it was originally so given—and was entitled to the foreclosure thereof against the land, which procedure was directed, along with a detailed order for its sale accordingly.

This court reverses the judgment thus entered below, and renders the cause in so far as it decreed the foreclosure upon and sale of the described land in satisfaction of the stated monetary recovery, in plaintiff in error's favor, upon these, among other, considerations:

(1) The record presented to this court in the cause—consisting of the pleadings of the parties and the orders of the court below—upon the face thereof undisputedly shows that the trial court's judgment herein so foreclosing and ordering the sale under such a purported deed of trust lien upon the whole of the rectangular tract of land therein described, was without any pleadings to support it, in this, that the pleadings of both parties—especially in detail that of defendant in error himself—declared that such deed of trust lien, from its inception on down through this present trial, was only against the undivided one-half interest of plaintiff in error in lots 11 and 12, block 10, of Yoakum townsite, which consisted only of the lower or southwesterly portions of such lots down to the alley in the middle of that block, inclusive of the 23 X 100 foot-rectangle so ordered foreclosed upon herein, but exclusive of a 25 X 100 foot-like parallelogram at the upper or northeastern end of the two lots, which had been expressly excepted and left out of the land covered by that lien.

(2) The United States District Court, in cause No. 296, supra, to which the defendant in error so submitted his claim for adjudication against the plaintiff in error, after adjudging the plaintiff in error a bankrupt, not only set apart the rectangle here involved to the plaintiff in error for homestead purposes and as being exempt

from the defendant in error's claim herein, but further expressly refused to permit the sale thereof by its trustee in bankruptcy.

Such decrees of that court, which had both these parties and this property, as well as this controversy, before it for all purposes, were not appealed from by either, but, on the contrary, expressly accepted and acted upon by both of them, wherefore they are both now bound thereby.

■ (3) As indicated in part supra, this record so shows that plaintiff in error never at any time gave or consented that the defendant in error should acquire any lien upon any more than an undivided one-half interest in the 23 X 100-foot parallelogram of land here involved; at the time he executed such deed of trust to the defendant in error in 1924, he and his sister, Miss Shropshire, owned an equal undivided one-half each of the whole of lots 10, 11, and 12 in block 10 of such townsite; he therefore gave that lien only upon his undivided one-half interest in the southern portions of lots 11 and 12 (lot 10 not being included) and expressly excepted from it the 25 X 100-foot parallelogram of land at the upper or northeastern ends of such lots 11 and 12; hence, that parallelogram never became subject to such deed of trust; thereafter, in 1928, he and his sister partitioned all of lots 10, 11, and 12 in block 10 between themselves, he acquiring as his part all of lot 10 and only that portion of lots 11 and 12 lying south of the 25 X 100-foot parallelogram so cut off from the upper or northeasterly ends thereof, which had gone to his sister in their partition—that is, his part of lots 11 and 12 had been the 115 feet south of that parallelogram along Lott street to the alley in the middle of block 10, thence west along the alley for 100 feet; this partition had occurred some four years prior to the bankruptcy proceedings referred to, as well as one year prior to a renewal of the maturity dates of the notes between these parties, hence the bankruptcy court had acted upon the issues between them with full knowledge thereof, and had made the adjudications described above upon the basis thereof; it is accordingly thought that tribunal's setting aside of this tract to be the business homestead of the plaintiff in error and free to him as such from any claim of the defendant in error thereto is all the more binding upon him, especially since that court, on defendant in error's application therefor, had further foreclosed upon all the balance of the land in lots 11 and 12 that plaintiff in error had so acquired in his partition with his sister, and had sold the same out in satisfaction of defendant in error's debt herein, he himself having become the purchaser at such sale for the sum of $6,000, all of which—less $118.81 for court costs—was credited on such debt.

■ On February 11 of 1937, heretofore, this court had dismissed this writ of error because of the failure of plaintiff in error to file briefs or assignments herein, pursuant to rule 38 for the Courts of Civil Appeals, but thereafter heard arguments therein upon the question of whether or not the trial court had committed fundamental error in so granting a foreclosure and order of sale against property which had theretofore been decreed to be the homestead of the plaintiff in error; on the conclusion now that such error was committed, and that it is disclosed upon the face of the record and the pleadings herein, the decree above outlined will be entered.

In so far as foreclosure and sale of the land was ordered, judgment reversed and cause rendered for plaintiff in error; affirmed as to monetary recovery.